**FILED**

MAR 1 0 2008 *aew*

Mar 10, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Donville James
Reg. No. 14388-424

Appearing Pro-Se

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 02 CR 278 |
| ) | Motion for leave of Court to |
| vs. ) | Conduct Discovery Pursuant to |
| ) | Rules Governing § 2255 |
| DONVILLE JAMES, ) | Proceedings |
| ) | |
| Petitioner ) | |
| ) | |

The Petitioner, Donville James, by himself, Pro Se, moves this Honorable Court to grant Petitioner's request for discovery pursuant to Rule 6 of the Federal Rules Governing § 2255 Proceedings and states:

The standard for granting discovery is presented in Rule 6 of § 2255 Procedures and was explained by the Supreme Court in Bracy v. Gramley, 138 L.Ed. 2d 97, 106 (1997)(citing Harris v. Nelson, 394 U.S. 286, 22 L.Ed.2d 281 (1969);("where specific allegations before the Court show reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the Court to provide the necessary facilities and procedures for an adequate inquiry").

08CV 1416
JUDGE ANDERSEN
MAGISTRATE JUDGE SCHENKIER

-1-

I. Request for Production on § 2255 Petitioner's
Claim Three. That the Prosecutors Procured
the criminal informant and SSSA Daniel Dick
to perjury themselves before the Federal
Grand Jury.

Petitioner seeks discovery to support this Brady claim.
Specifically, Petitioner requests production in a hearing by
this Honorable Court on each of the allagations of perjury
statement the prosecutors procured the informant and SSSA
Daniel Dick to give before the Grand Jury in order to obtain
an indictment against Petitioner on drug charges.

The prosecutors procured their criminal informant to read
their prepared statement before the Grand Jury as his testimony
that:

1. On March 16, 2001 (2002) Petitioner called the informant
and they agreed that Petitioner would purchase 1 kilo of cocaine
from the informant's source for $20,000 in counterfeit currency
and Petitioner would give the informant $10,000 in real currency.

2. On March 21, 2002, Petitioner and the informant agreed
that Petitioner would purchase 10 kilos of cocaine from the
informant's source for $200,000 in counterfeit money.

3. On March 22, 2002, Petitioner called the informant and
asked whether he could buy 20 kilograms of cocaine from the
informant's source.

4. On March 24, 2002, Petitioner and the informant agreed
that Petitioner will purchase 15 kilograms of cocaine from the
informant's source.

5. Petitioner told the informant he would pay the informant $20,000 in real currency for arranging the 15 kilograms transaction they had previously agreed that Petitioner would purchase.

SSSA Daniel Dick also testified before the Grand Jury and gave the same testimony. He testified that:

1. The USSS was informed by the FBI that Petitioner was planning on purchasing cocaine with counterfeit United States currency.

2. In or about February of 2002, Petitioner approached the FBI's confidential informant and asked him if he would arrange a deal where Petitioner would buy narcotics from the informant's source.

3. Petitioner told the informant that he wanted to pay for the drugs with counterfeit currency.

4. On March 16, 2002, Petitioner and the informant agreed that Petitioner would purchase one kilogram of powder cocaine from the informant's source for $20,000 in counterfeit currency and give the informant $10,000 in real currency.

5. On March 21, 2002, Petitioner wanted to buy 10 kilograms from the informant's source for $200,000 in counterfeit currency.

6. On March 22, 2002, the informant and Petitioner agreed that Petitioner would buy 15 kilograms of cocaine for $300,000 in counterfeit currency.

7. On March 24, 2002, the informant and Petitioner agreed that Petitioner would buy 15 kilograms of cocaine for $300,000

-3-

in counterfeit currency.

Good Cause is demonstrated here by Petitioner identifying five (5) specific allegations of perjury by the informant, and seven (7) from SSSA Daniel Dick whose testimony reflect the prosecutor's prepared statement. The phone record of the informant, and the phone record for Petitioner for March 16, 2002, App 0065-66, App 0068-70, showed that Petitioner or the informant did not call each other on that date. Furthermore, the informant's statement to the FBI and the prosecutors about the "circumstances surrounding the investigation" of Petitioner completely contradicts the prosecutor's "prepared statement" they gave to the informant to read before the Grand Jury. App 0060-63. Compare to App 0136-143.

The facts from a hearing on each of the allegation of perjury will certainly entitle Petitioner to relief requested in Claim Three. The facts of this hearing will show that the informant never told the FBI, Ab initio, that Petitioner was "planning on purchasing cocaine with counterfeit United States currency". Moreover, the facts of this hearing will show that the informant never mentioned to the FBI, USSS, nor the prosecutors that Petitioner ever requested to purchase cocaine from anyone, neither from the informant's source, nor the informant himself, contradicting the "prosecutor's prepared statement" establishing a factual dispute sufficiently enough to meet the Brady, Supra. requirement.

-4-

II. Requests for Production on § 2555 Petitioner's
Claim Twelve. That the Government agent filed a
false and misleading complaint Affidavit to
the magistrate Judge to show probable cause,
which was unchallenged by Counsel.

Petitioner seeks discovery in a clear and seperate finding

by this Honorable Court to support his claim of ineffective

assistance of Counsel where Counsel had evidence in her

possession showing that the Government agent submitted false

and misleading complaint affidavit to the magistrate Judge

to establish probable cause.

1. FBI agent Depodesta wrote in his complaint affidavit that:

"In March of 2002, a cooperating individual(CI)
provided the FBI with information about an
individual known to the CI as "James". The CI
explained that James asked if the CI would be
willing to arrange a narcotics transaction in
which James would pay for powder cocaine with
counterfeit United States currency".
App 0051, at 4.

This statement is false and misleading. in fact, the entire

statement the CI gave to the FBI is included in App 0136-143.

The only thing that the CI told the FBI that was relevant to

what Petitioner was investigated for was that he (Petitioner)

could provide the CI with counterfeit money. Petitioner never

asked the CI to purchase drugs, and the CI never told the FBI

that Petitioner wanted to purchase drugs.

2. The rest of the complaint affidavit is also false and

misleading, especially 5-11. FBI agent Depodesta "instructed"

his controlled CI on March 21, 2002 to "engage" Petitioner in

"drug communication" which was for the CI to set up a trap in

the CI would pretend like he(CI) was going to <u>rob</u> cocaine from his own supplier at the corner of Naragansett and Diversey by paying for the cocaine with the counterfeit money he asked Petitioner to provide him with.

This was the only "drug communication" Petitioner and the CI had before Petitioner was arrested. All the phone communication between Petitioner and the CI was related to how the CI was going to rip off cocaine from his own supplier in the parking lot at Naragansett and Diversey. FBI agent Depodesta knew this to be the facts. Coupled with the statement the CI gave to the FBI and the prosecutor about the "circumstances surrounding the investigation" of Petitioner, which contradicts his affidavit, FBI agent Depodesta still took the risk and submitted his false and misleading affidavit hoping that no one would challenge it. Counsel did exactly what FBI agent Depodesta wished for and did nothing to protect Petitioner from this egregious Constitutional violation by the Government.

Good Cause is demonstrated here by Petitioner identifying the entire complaint affidavit set forth by FBI agent Depodesta to establish probable cause as being false and misleading, which Counsel failed to challenge in pretrial.

The facts from a hearing on each of the allegations of perjury contained in FBI agent Depodesta's complaint affidavit will certainly entitle Petitioner to relief requested in Claim Twelve. The facts of this hearing will show that the CI never

-6-

told the FBI, AB initio, that Petitioner asked to purchase
cocaine with counterfeit money. Moreover, the facts of this
hearing will show that the informant never mentioned to the
FBI, USSS, nor the prosecutors that Petitioner ever requested
to purchase cocaine from anyone, neither from the informant's
source, nor the informant himself. Completely contradicting
the affidavit to establish probable cause. Counsel was in
possession of all the evidence showing Petitioner's claim to
be true and Counsel did nothing to protect Petitioner from this
abuse of the United States Constitution. This evidence in
Petitioner's Appendix in support of his claim establishes a
factual dispute sufficiently enough to meet the Brady, Supra.
requirement.

     **III. Requests for Production on §2255 Petitioner's
          Claim Thirteen. That the Government failed
          to disclose the criminal informant's signed
          consent form giving the FBI or the USSS
          Permission to record his calls in the
          investigation involving Petitioner.**

    Petitioner seeks discovery to support this Brady claim.
Specifically, Petitioner requests production of the document:

    **1.** FBI 472 form with the criminal informant's signature
giving the FBI permission to record his phone conversation in
the USSS investigation of Petitioner involving counterfeiting
matters.

    **2.** FBI 473 form with the criminal informant's signed
signature giving the FBI permission to place a body wire on his

-7-

body to record his conversations in the USSS investigation of
Petitioner.

3. The criminal informant's signed consent form giving the
USSS permission to record his phone conversation in the USSS
investigation of Petitioner.

4. The criminal informant's signed consent form giving the
USSS permission to place a body wire on his body to record his
conversations in the USSS investigation of Petitioner.

Good Cause is demonstrated here by Petitioner identifying
four(4) specific items, which Petitioner does not possess and
if the facts are provided to Petitioner, they would certainly
entitle Petitioner to the relief requested in Claim Thirteen.
Moreover, these facts will enhance Petitioner's position since
all the electronically gathered evidence in Petitioner's case
was done by FBI agent Depodesta, who's own testimony about the
method used to gather the evidence violated United States laws.
Also that the FBI did not have jurisdiction in the counterfeit
matters Petitioner was being investigated for. When Agent
Depodesta gathered all the recorded evidence in Petitioner's
case, he was acting outside of his Jurisdiction when he
targetted Petitioner for a drug investigation without probable
cause when Petitioner was only being investigated by the USSS
for counterfeiting matters.

These facts will also show that FBI agent Depodesta
recorded the informant's phone calls, and the body wire conver-
sations with Petitioner without the informant's permission

because agent Depodesta was acting outside of his agency's
Jurisdiction, who never authorized agent Depodesta to do the
recordings.

The fact that the USSS was charged with the responsibility
to investigate Petitioner on counterfeiting matters, and the
recordings were done by an agency, the FBI, whom does not have
Jurisdiction in the counterfeiting matters Petitioner were being
investigated for establishes a factual dispute as to whom, or
if the informant gave his permission to record his conversations
with Petitioner at all, which sufficiently meets the Brady v.
Maryland, 373 U.S. 83 (1963) requirement.

> **IV.** Request for Discovery on §2255 Petitioner's
> Claim Fifteen. Where the Government presented
> false testimony to the Court in order to
> suppress material evidence.

Petitioner requests that the original tapes and recording
machine used to produce the recordings be produced and made
available to Petitioner.

> **1.** The"original"March 25, 2002 informant's body wire, which
> was inventoried on Secret Service file (SSF) 1544 with
> Serial number 201-2002-CE-000442.
>
> **2.** The "original" March 24, 2002 informant's phone
> conversation, which was inventoried on SSF 1544 with
> Serial number 201-2002-CE_000443.
>
> **3.** The "original" March 21, 2002 informant's body wire,
> which was inventoried on Secret Service file SSF-1544
> with Serial Number 201-2002-CE-000446.
>
> **4.** The "original" video of Petitioner being arrested which
> was inventoried on SSF 1544 with Serial Number 201-2002-
> CE-000454.
>
> **5.** The recording device which "failed" to record on March
> 25, 2002.

Accordingly, Petitioner identifies specific recordings and the recorder that was used by the Government on March 25, 2002 that should be produced to further Claim Fifteen. The "original" copies of the recordings in petitioner's case were never automatically erased from the memory of the recording device. They are locked away in the USSS Vault in File SSF 1544, with their assigned Serial Number. Good Cause is shown because the recordings were the crux of the Government's case and Petitioner has presented evidence that the Government misled the Court about the existance of these original copies and how they were gathered as evidence. See App 0165, 0167, 0169, 0171.

Furthermore, the March 25, 2002 conversation was recorded and inventoried on SSF 1544. The length of this conversation was 41 minutes long. The agents did not "left the equipment off by mistake". The Disposition of Evidence, COntraband, and Personal Property described the March 25, 2002 recording to be the "body wire placed on the criminal informant by the Federal Bureau of Investigation on 3/25/02, has been inventoried on SSF 1544 with Serial Number 201-2002-CE-000442". App 0163, para 4.

The Certified inventory of evidence described this same piece of evidence as being 41 minutes in length with Serial Number 201-2002-CE-000442. The same serial number as listed in the Disposition of Evidence, Contraband, and Personal Property log. App 0165. The combination of these two pieces of evidence showed that the recording device was not "left off by mistake".

The Government testimony in their motions and at trail regarding the way they gathered and duplicated the versions of the recordings they disclosed, and also their statement about leaving the March 25, 2002 recording device "off by mistake", contradicts the exhibits in Petitioner's Appendix in Support of his claims. Mainly exhibits in App 0165, 0167, 0169, and 0171.

If Petitioner is granted the requested items one through five, he will have an opportunity to show the Court that the Government misled the Court about, and suppressed material evidence which would support his claim.

WHEREFORE, Petitioner submits there is good cause for the above requests for production and that the requests should be granted to enable Petitioner to gather additional facts that will entitle Petitioner to relief.

Respectfully Submitted,

By: 

Date: January 24 08

Petitioner Donville James,
           Pro-Se

Donville James #14388-424
Federal Correctional Inst.
P.O. Box 5000,  2-B
Greenville, IL 62246

-11-

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA      §
                              §
         v.                   §        No. 02 CR 278
                              §        Judge Wayne R. Anderson
DONVILLE JAMES                §

NOTICE OF FILING

TO:   Valarie Hays
      Assistant U.S. Attorney
      219 South Dearborn Street
      Chicago, IL 60604

PLEASE TAKE NOTICE that on March 6, 2008 I filed with

the Clerk of the United States District, 219 South Dearborn,

Chicago, IL the following pleadings, copies of which are

attached hereto and hereby served upon you:

         1. Motion to Vacate, Set-Aside or Correct
            sentence by person in Federal custody.

         2. Motion for Leave of Court to conduct
            Discovery Pursuant to Rules Governing
            2255 Proceedings.

                              Respectfully Submitted,

                              Donville James
                              Pro-Se

                              By:

                              Donville James
                              FCI Greenville
                              P.O. Box 5000,  2B
                              Greenville, IL 62246

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA      §
                              §
        v.                    §       No. 02 CR 278
                              §       Judge Wayne R. Anderson
DONVILLE JAMES                §

### CERTIFICATE OF SERVICE

I, Donville James, certify that I served a copy of the foregoing Notice and Pleadings on the party addressed above by U.S. MAIL on March 6, 2008 .

Donville James
FCI Greenville
P.O. Box 5000,    2B
Greenville, IL 62246