UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAY 1 2 2008
May 12 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA,
    Plaintiff-Respondent,

v.

Donville James,
    Defendant-Petitioner.

No. 08 C 1416
02 CR 278
Hon. Wayne R. Anderson

### NOTICE OF FILING

To: Erik A. Hogstrom
    Assistant U.S. Attorney
    219 South Dearborn, Rm. 5000
    Chicago, IL 60604

PLEASE TAKE NOTICE that on May 9, 2008 I filed with the Clerk of the United States District Court, 219 South Dearborn, Chicago, IL the following pleading, copies of which are attached hereto and hereby served upon you:

1. Petitioner's motion for leave to Amend Petitioner's 28 U.S.C. §2255 Petition

2. Petitioner's Reply to the Government's Response to Defendant James' 28 U.S.C. §2255 Petition.

Respectfully Submitted,

Donville James
FCI Greenville
P.O. Box 5000   2B
Greenville, IL 62246

UNITED STATES DISTRICT COURT
FOR THE NOERTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff-Respondent,

V.

Donville James,
    Defendant-Petitioner.

No. 08 C 1416
    02 CR 278
Hon. Wayne R. Anderson

### CERTIFICATE OF SERVICE

I, Donville James, certify that I served a copy of the foregoing notice and pleading on the party addressed above by U.S. Mail on May 9, 2008.

By: _____
Donville James
FCI Greenville
P.O. Box 5000    2B
Greenville, IL 62246

**FILED**

UNITED STATES DISTRICT COURT
FOR THE NOERTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 1 2 2008 *mb*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent,<br><br>v.<br><br>DONVILLE JAMES,<br>    Defendant-Petitioner. | No. 08 C 1416<br>02 CR 278<br><br>Hon. Wayne R. Anderson |

### PETITIONER'S MOTION FOR LEAVE TO AMEND
### PETITIONER'S 28 U.S.C. § 2255 PETITION

The Petitioner, Donville James, by himself, Pro-Se, respectfully moves the Court for leave to amend his 28 U.S.C. § 2255 motion. In support of this motion, Petitioner states the following:

#### AMENDED CLAIM

> Petitioner's Appellate Counsel was Constitutionally Ineffective where Counsel failed to raise non-Constitutional and Constitutional issues on behalf of Petitioner on direct appeal.

#### FACTUAL STATEMENT

Appellate Counsel was Constitutionally Ineffective where Counsel failed to raise non-Constitutional and Constitutional issues on behalf of Petitioner in his brief on direct appeal. Petitioner was notified by the Court on December 2, 2005 that Counsel Ruskusky was appointed to represent him on his direct appeal. Petitioner immediately wrote a seven page typed letter to Counsel detailing the issues that were important to him and instructed Counsel to include his issues in his direct appeal brief. A copy of which is attached

1

as EXHIBIT "Z". Petitioner specifically instructed Counsel to appeal the following issues on direct appeal:

1. The indictment was obtained against Petitioner because the <u>Prosecutor's suborned perjury</u>. See page 3 last paragraph, and page 4 first and second paragraph.

2. The indictment was obtained against Petitioner because the <u>Government criminal informant and SSSA Daniel Dick perjured</u> themselves before the Grand Jury. See page 3 last paragraph and page 4 first paragraph.

3. The Government's agents entrapped Petitioner into criminal activities. See page 3, second paragraph.

4. The Government violated Chapter 119 United States Code 2518(8)(a), 2517(1), (2), (3), and 2511(2)(C). See first page last paragraph, Page 2, and Page 3, first paragraph.

5. That the Government intentionally presented false testimony to the Court in order to suppress material evidence. See page 2, third and fourth paragraph.

After Appellate Counsel received Petitioner's letter, Petitioner spoke to Counsel on February 9, 2006 in a collect call placed by Petitioner. During this telephone conversation, Counsel explained the differences between direct appeal and habeas appeal Counsel explained that Direct Appeal deals with the records that went before the Jury.

Petitioner then wrote a second letter to Counsel, a copy of which is attached as EXHIBIT "Y". Petitioner again went through the

2

facts of the case and <u>begged</u> Counsel to bring his issues before the Appellate Court.

Petitioner and Counsel spoke several times prior to the filing of Petitioner's Brief. Counsel sighted what he called "legal and procedural reasons that Appellant's additional arguments were not included in the opening brief, and explained that Appellant's arguments were not left out of the Opening Brief because they contradicted the issues that were raised in Appellant's Opening Brief, but for other reasons (including Local Rule 51 and Section 2255 issues)".

Appellant disagreed with Counsel's advice and informed Counsel that he wanted his issues raised before the Appellate Court because his issues were not frivolous and were not 2255 issues.

After Counsel filed the Opening Brief that did not include Petitioner's additional issues, petitioner filed two motions with the Appellate Court seeking to file supplemental briefs pro-se. On July 25, 2006 and August 16, 2006, the Appellate Court denied Petitioner's motions to file supplemental briefs pro-se.

On August 31, 2006, Petitioner again spoke to Counsel and insisted that Counsel raise his additional issues that were identified in his pro-se brief. Counsel informed petitioner that he would not raise the issues. As a result, Petitioner instructed Counsel not to file a Reply Brief so that he could continue to seek to raise his additional issues pro-se. The Appellate Court denied an additional motion filed by Petitioner to proceed Pro-Se on September 1, 2006. See EXHIBIT "X".

On September 11, 2006, Petitioner submitted a pleading that demanded that Counsel: (a) withdraw as Counsel for Petitioner's appeal; and (b) file an **Anders** brief on behalf of Petitioner. See EXHIBIT "W". On September 22, 2006, the Appellate Court denied Petitioner's September 11, 2006 pleading. As a result, Counsel's appointment as Petitioner's Counsel remained in place. In which Counsel refused to raise Petitioner's additional issues on direct appeal. See EXHIBIT "V" for Counsel's motions and Affidavit regarding this matter to the Appellate Court. Also see EXHIBIT "U" for the statement of the issues from Petitioner's Pro-se brief that Counsel refused to raise before the Appellate Court.

**ARGUMENT**

The Legal Authorities for ineffective assistance of Counsel are laid out in Petitioner's 28 U.S.C. §2255 and are adopted in this motion. However, it should be pointed out again that "the principle governing ineffective claims should apply in Federal collateral proceedings as they are for a new trial". **Strickland**, Supra.

Counsel as a licensed practitioner of law and a member of the American Bar Association should be familiar with what constitutes Direct Appeal from what constitutes Habeas Appeal. Petitioner laid his issues out in a letter and insisted that Counsel raise his issues before the Appellate Court, see EXHIBIT "Z". Counsel refused to raise them, stating that Petitioner's issues were not raised on direct appeal due to "local rule 51 and 2255" reasons.

4

Counsel even refused to file an **Anders** brief to give Petitioner the opportunity to raise his claims on Direct Appeal Pro-Se. In effect, Counsel acted as a partner to the Government's case in closing the doors to the Court for Petitioner to seek relief, instead of acting as an adversary to the Government as required by the legal standards of American Jurisprudence.

Petitioner did raise these issues Pro-Se before the Court after trial was concluded. The **Government** argued that 'the Court shouldn't hear Petitioner's claims because it could be harmful to Petitioner on post-conviction appeals'. The Court agreed with the Government and denied Petitioner's motions without prejudice. Petitioner did not file ineffective assistance of counsel on his Appellate Counsel because Petitioner relied on the fact that the Government themselves before Sentencing stated that Petitioner's claims were post-conviction claims. Also the fact that Counsel himself stated that Petitioner's claims were "2255" claims.

Justice requires that the doors to the Court not be closed to Petitioner having his claims heard by the Courts. For Counsel to have neglected Petitioner's instruction to file his claims raised in his Pro-Se direct appeal brief violates the standard laid out in **Strickland**, Supra. See attached EXHIBIT "Pro-Se Brief".

As a result, this Petitioner submits to the Court that Appellate Counsel was ineffective in violation of the Sixth Amendment to the United States Constitution when Counsel failed to: (a) raise Petitioner's claims in his Pro-Se Brief on direct appeal; (b) file an **Anders** brief that would allow Petitioner to file his claims Pro-Se.

Petitioner submits that as a result of Counsel's deficient performance on direct appeal, he (Petitioner) was therefore prejudiced and as a result the doors to the Courts are now closed to Petitioner having his claims heard. Petitioner's conviction and sentence should be vacated and a new trial be ordered at the Court's earliest convenience.

### REQUEST FOR EVIDENTIARY HEARING

Petitioner respectfully requests this Court to hold an Evidentiary Hearing based on the claim raised herein.

WHEREFORE, Petitioner prays that this Court grant him all relief to which he may be entitled in this proceeding.

_____
Donville James, Pro-se

I declare under penalty of perjury that the foregoing is true andf correct.

Executed on : ____May 9, 2008____
                        Date

_____
Signature of Movant /
             Petitioner

6